UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SEAN LEROY HAYS,** §<br>**TDCJ No. 02261167,** §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>**BOBBY LUMPKIN, Director,** §<br>**Texas Department of Criminal Justice,** §<br>**Correctional Institutions Division,** §<br>§<br>Respondent. § | CIVIL NO. SA-22-CA-0375-XR |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Sean Leroy Hays's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 6) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In November 2017, a Guadalupe County jury found Petitioner guilty of two counts of assault family violence. *State v. Hays*, No. 17-0232-CR-A (25th Dist. Ct., Guadalupe Cnty., Tex. Nov. 29, 2017); (ECF No. 7-1 at 80-81). Prior to sentencing, Petitioner was found incompetent and admitted to the San Antonio State Hospital. (ECF Nos. 7-1 at 90; 9 at 7-9). Petitioner was later reevaluated in January 2019 and found competent to proceed. (ECF No. 9 at 15-20). A punishment hearing was then held in March 2019, where the trial court sentenced Petitioner to

twelve years of imprisonment on each count, with the sentences to run concurrently. (ECF No. 7-1 at 105-06).

The Texas Fourth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on direct appeal. *Hays v. State*, No. 04-19-00212-CR, 2020 WL 6470201 (Tex. App.—San Antonio, Nov. 4, 2020, no pet.); (ECF No. 7-21). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 7-24). Instead, Petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief. *Ex parte Hays*, No. 93,429-01 (Tex. Crim. App.); (ECF No. 17-25 at 12-30). The Texas Court of Criminal Appeals eventually denied the application without written order on February 16, 2022. (ECF No. 7-26).

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief a month later. (ECF No. 1 at 10). In the petition, Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) evidence was withheld from the judge and jury, (2) the Texas Board of Disciplinary Appeals found possible professional misconduct by his trial counsel, (3) the two prosecutors on his case should have been recused because they previously prosecuted him on a different case, and (4) trial counsel rendered ineffective assistance by waiting until after his conviction to seek a competency determination.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by

the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Merits Analysis

A. **Trial Counsel (Claims 1, 2, and 4)**

Petitioner raises several allegations that appear to argue that he was denied the right to effective assistance of counsel by his attorney at trial, Roland Garcia. Specifically, Petitioner contends that Garcia (1) withheld evidence from the judge and the jury, (2) may have been found to have committed professional misconduct by the Texas Board of Disciplinary Appeals, and (3) failed to seek a competency determination until after he was convicted. These allegations were raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals. As discussed below, Petitioner fails to demonstrate the state court's rejection of the allegations was either contrary to, or an unreasonable application of, Supreme Court precedent.

1. The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show

4

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

2. <u>Withheld Evidence</u> (Claim 1)

Petitioner first contends that police reports, affidavits, emails, and witness interviews were withheld from the judge and jury. According to Petitioner, this evidence demonstrated that the incident in question was a "non-violent disturbance" and that the victim had told prosecutors "she was the aggressor and could not send someone to jail for something they did not do." (ECF No. 1

at 6, 21-22). Petitioner apparently believes this evidence should have been admitted at trial to bolster his defense that the victim was to blame for the altercation.[1]

*Strickland*'s first prong to demonstrating an IATC claim "sets a high bar." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). Indeed, "counsel has wide latitude in deciding how best to represent a client. . ." *Yarborough v. Gentry*, 540 U.S. 1, 5-6, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."). In this case, the record is silent as to why trial counsel did not present the evidence in question to the jury. But Petitioner has provided no support for contention that the evidence was improperly withheld, and counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). Thus, Petitioner's conclusory assertions of deficient performance are insufficient to warrant relief. *Woodfox v. Cain*, 609 F.3d 774, 809 n.17 (5th Cir. 2010); *Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009).

Petitioner also fails to demonstrate that he was prejudiced by his trial counsel's failure to present the evidence. Again, to satisfy *Strickland*'s second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Here, the allegedly withheld evidence—police reports, affidavits, emails, and witness interviews concerning the victim's desire not to prosecute because of her belief that the incident was her fault—would not have altered the outcome

---

[1] Although unclear, Petitioner appears to fault his trial counsel for "withholding" this evidence from the trial court and jury. To the extent he is alleging that the evidence was withheld by the prosecution in violation of *Brady v. Maryland,* 373 U.S. 83 (1963), however, the claim meets the same fate, as Petitioner fails to demonstrate the evidence was suppressed or that it was material to either guilt or punishment.

of Petitioner's trial because the victim's reluctance was already well-known to the jury. In fact, the victim testified at length during direct and cross-examination that she believed the incident was her fault and did not want to press charges. (ECF No. 7-10 at 77-231). The victim's lack of cooperation, as well as her ability to tell the truth, were also a large part of both the State and defense counsel's arguments to the jury. (ECF No. 7-10 at 21-23, 27-29; No. 7-1 at 139-50). For this reason, it is unlikely that the results of Petitioner's trial would have been different had counsel presented the evidence in question.

As a result, Petitioner has not shown that the state court's rejection of this allegation was contrary to, or an unreasonable application of, Supreme Court precedent. Relief is therefore denied.

      3.      <u>Professional Misconduct</u> (Claim 2)

Petitioner next asserts that "the Board of Disciplinary Appeals found possible misconduct" by defense counsel. (ECF No. 1 at 6). Petitioner provides no argument or authority to support this one-sentence allegation, nor does he provide any evidence that counsel was *actually found* to have committed misconduct. For this reason alone, Petitioner's claim could be denied.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same). Here, Petitioner's allegation is conclusory, speculative, and unsupported by any evidence or facts. "Absent evidence in the record," however, this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained

in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). Thus, habeas relief is unavailable because the claim is conclusory. *Ross*, 694 F.2d at 1011.

Moreover, Petitioner raised an identical conclusory allegation during his state habeas proceeding which was denied by the state habeas court. Petitioner has not even attempted to demonstrate that this decision was either contrary to, or an unreasonable application of, clearly established federal law. Consequently, Petitioner's claim for relief is denied.

    4.    <u>Competency</u> (Claim 4)

Petitioner next contends that his trial counsel was ineffective for waiting until after he was convicted to seek a competency hearing. The record indicates that Petitioner was found incompetent in June 2018, prior to his sentencing hearing but some seven months after his November 2017 trial. (ECF Nos. 7-1 at 90; 9 at 7-9). Petitioner was admitted to the San Antonio State Hospital where he remained until he was reevaluated and found to be competent in January 2019. (ECF No. 9 at 14-20). Petitioner's sentencing proceeding then took place in March 2019. (ECF No. 7-12).

Petitioner faults his trial counsel for not seeking a competency determination prior to his trial instead of waiting until after he was convicted. The problem with this assertion is that there is no evidence in the record that Petitioner was incompetent to stand trial at the time he was convicted in November 2017. While he was later determined to be incompetent several months after his trial, Petitioner has provided no evidence of his incompetency prior to trial or pointed to any objective facts that would have alerted counsel to any potential competency issues at that time. Where there has been no showing that Petitioner was actually incompetent, trial counsel's performance cannot be considered deficient in failing to discover his alleged incompetence. *See*

*Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) ("There can be no deficiency in failing to request a competency hearing where there is no evidence of incompetency.") (quoting *McCoy v. Lynaugh*, 874 F.2d 954, 964 (5th Cir. 1989)).  Similarly, Petitioner cannot demonstrate that he was prejudiced by trial counsel's failure to contest his competency, as he cannot establish the results of his proceeding would have been different had counsel inquired into his competency.  *See Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014) (finding no prejudice where there is no evidence of incompetency).

Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's rejection of this allegation was objectively unreasonable or that he is entitled to relief on his IATC claim.  Relief is denied.

B.     **Prosecutorial Conflict of Interest** (Claim 3)

Petitioner next contends that the attorneys who prosecuted the instant case—Jennifer Smith-Barry and Heather Hines—should have been recused because they had been involved in a previous prosecution against him in Bexar County.  As with his previous claims, Petitioner provides no argument or authority to support this allegation.  As such, Petitioner's claim could be denied solely because it is conclusory.  *Ross*, 694 F.2d at 1011 (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Regardless, Petitioner's claim fails on the merits.  In Texas, "a trial court's authority to disqualify a district attorney in a particular case requires proof that the district attorney has a conflict of interest that rises to the level of a due process violation." *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008).  "A due process violation may arise if a prosecuting attorney has previously represented the defendant in a different matter but only if the defendant can prove that he would be actually prejudiced by the prosecutor's prior representation." *In re State*, 572

9

S.W.3d 264, 268 (Tex. App. 2018) (citing *Landers*, 256 S.W.3d at 304-05). Here, Petitioner has not alleged that either of the prosecuting attorneys had represented him in a prior proceeding—rather, Petitioner complains that the same prosecutors were involved in a *different* prosecution against him. Because he has not demonstrated how this amounts to a due process violation, this Court must defer to the state court's rejection of the allegation. Relief is therefore denied.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial, appellate, and habeas corpus proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Sean Leroy Hays's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 15th day of November, 2022.

**XAVIER RODRIGUEZ**
**United States District Judge**